O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CENOBIO HUMBERTO HERRERA, SR., | ) | NO. CV 11-6196-RSWL (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER DISMISSING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| LINDA SANDERS, BOP, | ) | WITHOUT PREJUDICE |
| Respondent. | ) | |

Petitioner, a federal prisoner proceeding *pro se*, filed a "Petition For Writ Of Habeas Corpus By A Person In Federal Custody (28 U.S.C. § 2241)" on July 27, 2011 ("Petition"). Petitioner names as Respondent the Warden of FCI-Lompoc, the institution at which he is incarcerated.

A review of the Petition reveals that Petitioner is not challenging his federal conviction or sentence,[1] the execution of his sentence, or the fact of his custody or incarceration. Instead, Petitioner complains that his First Amendment rights have been violated by a memorandum issued by the Warden of FCI-Lompoc on January 18, 2011, and related

---

[1] Petitioner alleges that he was convicted in the United States District Court for the Central District of California, and received a sentence of 360 months in December 2003. (Petition at 1.)

events.  According to Petitioner, the memorandum declared the Uniform Commercial Code ("UCC") to be "contraband."  Petitioner asserts that prohibiting him from possessing UCC materials violates his political and ethical values and beliefs and impairs his access to courts.  He asserts that he filed a "Request to Staff" that challenged the memorandum, which was denied by letter.  Petitioner alleges that, as a result of his complaints about the memorandum, his legal documents were confiscated, and he was placed in the Segregated Housing Unit for ten days. (Petition at 3-4.)  As relief, Petitioner seeks:  "an immediate injunction against prison authorities"; the return of his legal and personal property; monetary damages; and an order cancelling the Warden's memorandum.  (Petition at 4a.)

  A habeas corpus petition under 28 U.S.C. § 2241 is the proper vehicle for a federal prisoner's challenge to the manner, location, or conditions of a sentence's execution.  *See* <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000).  By contrast, challenges to a prisoner's conditions of confinement must be brought as a civil rights action, rather than by way of a habeas corpus petition.  *See* <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991); *see also* <u>Docken v. Chase</u>, 393 F.3d 1024, 1026 (9th Cir. 2004)("Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition.").  A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973).  "[C]onstitutional claims that merely challenge the conditions of a

prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief] and may be brought pursuant to § 1983 in the first instance." Nelson v. Campbell, 541 U.S. 637, 643, 124 S. Ct. 2117, 2122 (2004).

Notwithstanding Petitioner's utilization of a Section 2241 petition form, he, in fact, seeks to pursue a civil rights claim, based on an asserted violation of the First Amendment, related to his conditions of confinement, *i.e.,* one premised on the denial of UCC materials pursuant to the January 18, 2011 memorandum and alleged retaliation based on his attempt to challenge the validity of the memorandum.  Indeed, Petitioner expressly states that his Petition raises a "constitutional issue and conditions of confinement."  (Petition at 5, ¶ 12.)  Moreover, he seeks relief that is not available through a habeas action.  *See* Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010)("The power of a federal habeas court 'lies to enforce the right of personal liberty' . . . [and as] such, a habeas court 'has the power to release' a prisoner, but 'has no other power.'")(citations omitted).  Petitioner's claim, therefore, must be raised by way of a civil rights complaint,[2] rather than through a habeas petition brought under Section 2241.

While the Court may construe a flawed habeas petition as a civil rights action, *see* Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 409 (1971), doing so in this case would be inappropriate, given that:  (1) the Petition was not accompanied by the $350 filing fee

---

[2]  Because Petitioner challenges the actions of a federal employee, his civil rights claim would have to be raised under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999 (1971), rather than 42 U.S.C. § 1983, which applies only to state action.

(indeed, Petitioner had not paid even the substantially lower $5 fee for filing a habeas petition); (2) the Petition was not accompanied by an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b); (3) although Petitioner asserts that "he has complied with his Administrative Remedies procedures," he also asserts that he has not yet received responses from federal prison officials (Petition at 4a), and thus, there is a substantial question about whether he has exhausted administrative remedies with respect to his claim, a prerequisite to filing a civil rights action;[3] and (4) Petitioner has not identified the capacity in which the sole named respondent, the FCI Warden, would be sued for purposes of a civil rights claim, a critical issue for sovereign immunity purposes.

In addition, if the Petition were to be converted to a civil rights complaint, Petitioner would be obligated to pay the $350 filing fee for such a civil action, either in full or through withdrawals from his prison trust account in accordance with the availability of funds. *See* 28 U.S.C. § 1915(b). The dismissal of this action at the pleading stage would not end Petitioner's obligation to pay that $350 filing fee. Further, if the Petition were converted to a civil rights complaint, the Court would be obligated to screen it pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. *See* 28 U.S.C.

---

[3] 42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 531 U.S. 731, 741 n.6, 121 S. Ct. 1819, 1825 n.6 (2001).

1  § 1915A(b); 42 U.S.C. § 1997e(c)(1).  It is not clear that the
2  allegations of the Petition state a cognizable civil rights claim.  If
3  the pleading ultimately were to be dismissed for failure to state a
4  claim upon which relief may be granted, such a dismissal could count as
5  a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g) and
6  any future civil rights action(s) he might bring.[4]  Thus, the Court
7  believes it is appropriate to dismiss the Petition, without prejudice,
8  so that Petitioner may determine whether or not he wishes to raise his
9  present claim through a properly-submitted civil rights complaint.[5]

11     Accordingly, based upon the foregoing, IT IS ORDERED that Judgment
12 shall be entered dismissing the instant Petition without prejudice.

14     LET JUDGMENT BE ENTERED ACCORDINGLY.

16 DATED:  August 9, 2011

                                   RONALD S.W. LEW
                                   ─────────────────────────────
                                   HONORABLE RONALD S.W. LEW
                                   Senior, U.S. District Court Judge

20 PRESENTED BY:

   *(signature: Margaret A. Nagle)*
   ─────────────────────────────
       MARGARET A. NAGLE
   UNITED STATES MAGISTRATE JUDGE

───────────────────────────────

[4] Petitioner apparently already has one "strike" for purposes of Section 1915(g).  *See* <u>Cenobio-Humberto Herrera, Sr. v. United States of America</u>, CV 09-8218-UA (order filed on December 14, 2009).

[5] Petitioner also then may determine if he is willing to incur the $350 filing fee obligation, as well as the possibility of incurring another "strike."

5